IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-02183-MSK-KLM

RICKEY EUGENE STOCKTON-BEY,

    Plaintiff,

v.

L. HUFFINE, Judge,

    Defendant.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's twice-filed "Motion for Summary Judgement [sic] to Stop Dismissal Based on Judges [sic] Immunity"** [Docket No. 11; Filed September 19, 2011] and [Docket No. 16; Filed September 20, 2011], **Defendant's Motion to Dismiss** [Docket No. 17; Filed September 29, 2011], and **Defendant's Unopposed Motion to Stay Proceedings Pending Ruling(s) on Dispositive Motions** [Docket No. 19; Filed November 22, 2011].

    IT IS HEREBY **ORDERED** that Plaintiff's first "Motion for Summary Judgement [sic] . . ." [#11] is **DENIED WITHOUT PREJUDICE** as noncompliant with the requirements of Fed. R. Civ. P. 56. However, in consideration of the Court's obligation to liberally construe a *pro se* litigant's filings, the Court will review the content of the "Motion" in making its Recommendation on Defendant's Motion to Dismiss [#17]. A written Recommendation will issue regarding the Motion to Dismiss in due course.

    IT IS FURTHER **ORDERED** that Plaintiff's second "Motion for Summary Judgement [sic] . . ." [#16] is **DENIED AS DUPLICATIVE** of the first "Motion" [#11].

    IT IS FURTHER **ORDERED** that the Unopposed Motion to Stay [#19] is **GRANTED**. Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)). A stay of discovery during the pendency of a dispositive motion asserting a jurisdictional challenge may be appropriate and efficient. *See Behrens v.*

*Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Here, Defendant raises absolute judicial immunity as a complete defense in the pending Motion to Dismiss [#17]. Moreover, the Motion to Stay is unopposed. Thus, the Court finds that a stay of proceedings pending resolution of the Motion to Dismiss is appropriate and efficient, and grants Defendant's request. *See also Rivers v. Hartmann*, No. 11-cv-02171-CMA-KMT, 2011 WL 5374968 (D. Colo. Nov. 8, 2011) (granting a stay on the basis that the defendant raised Eleventh Amendment immunity and absolute judicial immunity as defenses). This matter is hereby **STAYED**.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for January 17, 2012, is **VACATED**. The Court will reset the Scheduling Conference, if necessary, after resolution of the Motion to Dismiss [#17].

Dated: November 29, 2011