IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02183-MSK-KLM

RICKEY EUGENE STOCKTON-BEY,

    Plaintiff,

v.

L. HUFFINE, Judge,

    Defendant.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for Lack of Subject Matter Jurisdiction and Failure to State a Claim** [Docket No. 17; Filed September 29, 2011] (the "Motion"). The Motion is referred to this Court for recommendation [#22]. The Court construes Plaintiff's "Motion for Summary Judgement to Stop Dismissal Based on Judges Immunity" as a Response in opposition to the Motion [## 11, 24]. For the reasons stated below, the Court respectfully **RECOMMENDS** that Defendant's Motion be **GRANTED**.

### I. Summary of the Case

Plaintiff initiated this lawsuit *pro se* on August 22, 2011 [#1].[1] Although Plaintiff filed his claims on a *pro se* Title VII Complaint form, the matter does not concern employment.

---

[1] The Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

*See id.* Plaintiff brings three claims against the Honorable Loretta B. Huffine, who is a municipal court judge in Aurora, Colorado.[2] The claims arise from a domestic violence case involving Plaintiff over which Judge Huffine presided on August 5, 2011. *See id.* Plaintiff contends that 1) Judge Huffine maliciously prosecuted him; 2) Judge Huffine's conduct constituted negligent and intentional infliction of emotional distress; and 3) Judge Huffine violated his First Amendment rights (related to a "name correction") by addressing him as "Rickey Stockton." *Id.* at 4-6. Plaintiff included numerous court documents with his Complaint. *Id.* at 8-22. Plaintiff also attached documents referring to his presumably religious-based name change, in which Plaintiff identifies himself as "Moorish American." *Id.* at 23-27. Plaintiff seeks damages of $100,000 for each "offense." *Id.* at 4-6.

Judge Huffine responded to the Complaint with the Motion at issue. Judge Huffine asserts governmental immunity as a bar to this Court's exercise of subject matter jurisdiction over the case pursuant to Fed. R. Civ. P. 12(b)(1), and absolute immunity as a basis for dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* [#17]. After review of the Complaint, the Motion at issue, and Plaintiff's Response, the Court finds both that the Colorado Governmental Immunity Act ("CGIA") precludes the exercise of subject matter jurisdiction over Plaintiff's Claims One and Two, and that Judge Huffine is entitled to absolute judicial immunity as to all of Plaintiff's claims.

---

[2] This Court may take judicial notice of court documents and matters of public record. *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1171-72 (10th Cir. 1979). The Court confirmed Defendant's position as a municipal judge using martindale.com: http://www.martindale.com/Loretta-B-Huffine/288474-lawyer.htm (last visited Feb. 22, 2012).

## II. Analysis

**A.     Colorado Governmental Immunity Act**

Based on the allegations in the Complaint, it is clear that Plaintiff brings his claims against Judge Huffine for conduct arising from the course and scope of her employment as a municipal court judge. Pursuant to Colorado law,

> A public employee shall be immune from liability in any claim for injury, whether brought pursuant to this article, section 29-5-111, C.R.S., the common law, or otherwise, which lies in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by a claimant and which arises out of an act or omission of such employee occurring during the performance of his duties and within the scope of his employment unless the act or omission causing such injury was willful and wanton; except that no such immunity may be asserted in an action for injuries resulting from the circumstances specified in section 24-10-106(1).

Colo. Rev. Stat. § 24-10-118(2)(a).[3] Section 24-10-106(1) articulates eight exceptions to the governmental immunity provided by the CGIA for claims arising from: 1) operation of a motor vehicle; 2) operation of a public hospital, correctional facility, or jail; 3) a dangerous condition of a public building; 4) a dangerous condition related to a public road or highway; 5) a dangerous condition in a public hospital, jail, or other public facility; 6) operation of a public utility facility; 7) operation of a "state capital asset"; and 8) the failure to perform an education employment background check.

None of the stated exceptions to the CGIA are present in this case. Therefore, the Court finds that Judge Huffine is immune from liability pursuant to the CGIA for Plaintiff's Claims One and Two, which assert claims based in tort. Defendant's Motion should be granted to the extent that Plaintiff's Claims One and Two may be dismissed without

---

[3] The definitions of the CGIA explain that a public entity includes a municipality, § 24-10-103(5), and a public employee includes an employee of a public entity, § 24-10-103(4)(a). Here, because Judge Huffine is an employee of the municipality of Aurora, Colorado, Judge Huffine is a public employee for purposes of the CGIA.

prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  *See Atwood v. City & Cnty. of Denver*, 413 F. App'x 88, 90 (10th Cir. 2011) (remanding case for entry of judgment in favor of defendant pursuant to the CGIA and Rule 12(b)(1)); *see also Garman v. Campbell County Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010) ("Generally, a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect."); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").  However, as further explained below, the Court additionally finds that Judge Huffine is entitled to absolute judicial immunity; thus Plaintiff's Complaint should be dismissed with prejudice in its entirety on that basis.

**B.     Absolute Judicial Immunity**

Accepting the facts in Plaintiff's Complaint as true, the claims concern "the inherently judicial function of presiding over a criminal [proceeding]."  *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011).  Judge Huffine enjoys absolute judicial immunity in executing inherently judicial functions.  *Id.* (citation omitted).  "[A] judge lacks immunity only when she acts in the clear absence of all jurisdiction over the subject-matter, . . . or performs an act that is not 'judicial' in nature."  *Id.* (citations omitted).  All of the alleged violations stated in Plaintiff's Complaint were clearly judicial in nature, and Plaintiff articulates no legitimate challenge to the subject matter jurisdiction of the underlying proceeding.  *See Compl.*, [#1]; *Resp.*, [#11].  Therefore, Judge Huffine is entitled to absolute judicial immunity.

Nothing presented in Plaintiff's "Motion for Summary Judgement to Stop Dismissal Based on Judges Immunity" sways the Court from this conclusion.  *See* [#11].  Plaintiff contends that Judge Huffine acted outside of the scope of her employment because she

4

refused his request for dismissal of the case based on "her not having jurisdiction to hear cases from a sovereign citizen." *Id.* at 1.  However, "an individual's belief that [his] status as a 'sovereign citizen' puts [him] beyond the jurisdiction of the courts 'has no conceivable validity in American law.'"  *Charlotte*, 433 F. App'x at 661 (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)).  Further, the list of cases cited by Plaintiff are neither contrary to the Court's conclusion nor supportive of Plaintiff's position, given the circumstances of this case.  [#11] at 3-8.

Again, the allegations in Plaintiff's Complaint clearly concern judicial conduct arising from the course of the criminal proceeding before Judge Huffine, and there is no indication that Judge Huffine, sitting as a municipal judge in Aurora, Colorado, lacked subject matter jurisdiction over the domestic violence charges arising from an arrest effected by the Aurora Police Department.  *See* [#1] at 8 (arrest warrant).  The Court concludes that Judge Huffine is entitled to absolute judicial immunity as to all of Plaintiff's claims, and Plaintiff's Complaint should be dismissed with prejudice.  *See Rivers v. King*, 23 F. App'x 905, 907, 908 (10th Cir. 2001) (affirming dismissal with prejudice of plaintiff's claims on the basis of absolute judicial immunity).

### III. Conclusion

Accordingly, the Court respectfully **RECOMMENDS** that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for Lack of Subject Matter Jurisdiction and Failure to State a Claim [#17] be **GRANTED**; and

Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** in its entirety pursuant to Fed. R. Civ. P. 12(b)(6), on the basis of absolute judicial immunity.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 22, 2012

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge